# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ashish Bhardwaj
1 South Dorado Circle, Apt. 1E
Hauppauge, NY 11788

Plaintiff,

Vs.

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

Emilio T. Gonzalez, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 I St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 I St. NW
Washington, DC 20536,

Paul Novak, Director
Vermont Service Center
U.S. Citizenship and Immigration Services
75 Lower Welden Street
St. Albans, VT –05479

Robert S. Mueller, III, Director
Federal Bureau of Investigation
Office of the General Counsel
Room 7427
935 Pennsylvania Avenue, NW
Washington, DC 20535,

WRIT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 06-
Judge:
Filed:

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530
Defendants.

## COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff presents instant Complaint before this honorable court requesting relief against

Defendants for their actions and for their failure to act in accordance with law.

## I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2006)), Declaratory Judgment Act (28 U.S.C. § 2201 (2006)), and the Administrative Procedure Act (5 U.S.C. § 551 et seq. (2006)). This action challenges the unreasonable delays in processing the Plaintiff's Employment-Based Adjustment of Status (AOS) Application pending before the Vermont Service Center of the United States Citizenship and Immigration Services (USCIS). This action further challenges the USCIS policy of requiring repeated applications for issuance of Employment Authorization and Advance Parole and for repeated fingerprints during the pendency of the AOS Application.

2. The process of obtaining employment-based U.S. Lawful Permanent Residence ("green card") has become egregiously whimsical and inconsistent over the past few years.

3. The Defendants have administered immigration laws by ad-hoc memoranda and unwritten policy rather than by regulation. The lack of appropriate regulations and the atmosphere of uncertainty are illegal and have directly thwarted the will of Congress, as articulated in various ameliorative statutes.

4. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the plaintiff.

5. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiff is submitted under the caption "INJURY TO PLAINTIFF."

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiff's claims arise under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 et seq. (2006), (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action, *inter alia*, under 28 U.S.C. § 1361 (2006) (Mandamus Act); 28 U.S.C. § 1651 (2006) (All Writs Act); 28 U.S.C. § 2201 (2006) (Declaratory Judgment Act); and under 5 U.S.C. § 551 et seq. (2006) (Administrative Procedure Act).

7. There are no administrative remedies available to Plaintiff to redress the grievances described herein.   This action challenges only the Defendants' timeliness in adjudications, procedural policies and related practices, not the granting or denial of the AOS application.   Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2006) are not applicable.

## III. VENUE

8. Pursuant to 28 U.S.C. § 1391(e) (2006), venue is proper in this judicial district because the Defendants operate within this district and maintain headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

### Plaintiff

9. Plaintiff is a citizen of India and a Programmer Analyst by profession.  He is presently employed as a Programmer Analyst with CES Computer Solutions, Inc. located at 101 Sunnyside Blvd., Plainview, NY 11803.

10. Plaintiff's AOS application is pending as of the date of this Complaint before the Vermont Service Center of the USCIS since September 15, 2003.  The plaintiff appears before this honorable court in his own behalf as an individual.

### Defendants

11. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia*, to 8 U.S.C. § 1103 (2006), Secretary Chertoff is

4

charged with, among other matters, administering the USCIS and implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

12. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C § 1103 (2006), he is charged with controlling determination of issues of law pertaining to immigration and with representing the United States of America in various legal matters.

13. Emilio T. Gonzalez is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services including the processing of citizenship applications, and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

14. Paul Novak is the Director of the Vermont Service Center of USCIS of the DHS. In his capacity as the Director of the Vermont Service Center, Mr. Novak is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, Mr. Novak has decision-making authority over some of the matters alleged in this Complaint.

15. Robert Mueller is the Director of the Federal Bureau of Investigation (FBI). In his capacity as the Director of the FBI, Mr. Mueller is responsible for the administration of services including the processing of security and name checks as requested by USCIS. As such, he has decision-making authority over some of the matters alleged in this Complaint.

## V. FACTS

16. A petition for immigrant visa (Form I-140) was filed with the Vermont Service Center on February 28, 2001 (bearing Receipt Number: EAC-01-114-51149), under the third preference category comprising "skilled workers or professionals."[1]

17. Vermont Service Center approved the immigrant petition filed for the Plaintiff on August 6, 2001.

18. Plaintiff validly filed an AOS application (Form I-485) on September 15, 2003 (bearing Receipt Number: EAC 03-258-52200), which is currently pending before the Vermont Service Center of the USCIS. As of the date of filing the instant Complaint, **Plaintiff's AOS application has been pending for over three years**.

19. Plaintiff is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

20. An immigrant visa was immediately available to the Plaintiff at the time his AOS application was filed (i.e., on September 15, 2003).

21. Under 8 U.S.C. § 1571 (2006), Congress clearly expressed the opinion that a reasonable time for AOS adjudications is approximately six months.

22. Pursuant to 8 U.S.C. § 1571 (2006) and 5 U.S.C. § 555(b) (2006), Defendants have exceeded the bounds of reasonableness in the time for adjudications.

23. During the pendency of the AOS applications, it is the Defendants' policy to require repeat Employment Authorization Documents as well as fingerprinting.

24. Since September 15, 2003, Plaintiff applied for Employment Authorization three times. These Employment Authorization Documents were valid from January 23,

---

[1] 8 U.S.C. 1153(b)(3)(A) (2006)

2004 to January 22, 2005; March 16, 2005 to March 15, 2006; and March 29, 2006 to March 28, 2007.

25.  Since September 15, 2003, Plaintiff requested advance parole three times, which were issued by USCIS on February 10, 2004, March 18, 2005 and April 4, 2006.

26.  In addition, since September 15, 2003, Plaintiff has been required to apply for fingerprinting on two occasions, once on November 20, 2004 and another on March 18, 2006.

27.  Plaintiff has made numerous inquiries regarding the status of his case including one made on February 7, 2006, July 3, 2006 and July 7, 2006 to USCIS, but to no avail.  Plaintiff also made several inquires to the FBI including an inquiry made on September 26, 2006.  Plaintiff also made an inquiry with the Office of Senator Hillary Rodham Clinton on June 22, 2006.

## VI.  RELEVANT LAW AND PROCEDURES

### Employment-Based Categories

28.  Under INA, the employment-based category is divided into five preferences or groupings.   8 U.S.C. § 1153(b) (2006).

29.  The highest priority, first employment-based "priority workers," consists of:

a)  Aliens with extraordinary ability;

b)  Outstanding professors and researchers; and

c)  Certain multinational executives and managers subject to international transfer to the United States.

30.  The second employment-based preference consists of professionals holding advanced degrees or their equivalent or who, because of their exceptional ability

in the sciences, arts, or business, will substantially benefit the national economy, cultural or educational interests, or welfare of the United States.

31. The third employment-based preference comprises certain professional, skilled and unskilled workers where qualified workers are not available in the United States.

32. The fourth employment-based preference consists of certain special immigrants, including ministers of religion.

33. The fifth employment-based category includes alien investors who create or maintain at least ten jobs in the U.S., none of which can be for their own family members.

**Timeliness Requirements and Consequences**

34. Section 202 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. § 1571 (2006), clearly lays down the parameters of reasonableness in immigration adjudications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed *not later than 180 days* after the initial filing of the application . . . ." 8 U.S.C. § 1571 (2006) (emphasis added).

35. Section 204 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C § 1573 (2006), mandates that the "Attorney General shall take such measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002" (as amended).    The Section also

mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services.

36. The Immigration Services and Infrastructure Improvements Act of 2000 was enacted on 17 October 2000, more than six years ago. Despite the expressed objective in 8 U.S.C. § 1573 (2006), Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures.

37. Defendants are required by 5 U.S.C. § 555(b) (2006) to "conclude a matter" within "a reasonable time."

38. Most applicants for AOS are in the United States on nonimmigrant status such as H, L, O, etc. 8 U.S.C. § 1101(a)(15) (2006). After going through appropriate procedures, individuals may apply to "adjust" their status to that of lawful permanent resident (LPR). 8 U.S.C. § 1255 (2006).

39. LPR's (also referred to as green card holders) enjoy many advantages over nonimmigrant status. As the name implies, LPR's have the privilege of residing and working permanently in the United States. 8 U.S.C. § 1101(a)(20) (2006). They may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2006). They may petition to immigrate close family members. 8 U.S.C. §§ 1151, 1153 (2006); 8 C.F.R. § 204 (2006).

40. LPR's may retain their LPR status for the rest of their lives or, after five years of LPR status, they may apply to naturalize, that is, to become a United States citizen. 8 U.S.C. § 1427(a) (2006). Citizenship conveys many benefits over LPR

status. Citizens may vote. They may apply for and receive a United States passport. They cannot be deported from the United States. They may travel freely into and out of the United States. They may petition for immigration of family members as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. § 1151(b)(2)(A)(i) (2006). They may hold many jobs that are restricted to United States citizens. They may run for public office.

41. LPR status is a prerequisite for naturalization. Thus, any delay in adjusting to LPR status also delays eventual naturalization.

**Employment Authorization**

42. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a (2006). AOS applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD"). 8 C.F.R. § 274a.12(c)(9) (2006).

43. Defendants limit the duration of AOS applicants' EAD to one year.

**Repeated Fingerprints**

44. Defendants require AOS applicants to be fingerprinted before their adjustment applications are granted. AOS applicants who are 14 years old or older must pay a fingerprint-processing fee and must appear at a USCIS Application Support Center (ASC) to be fingerprinted.

45. After 15 months, the Defendants consider the fingerprints to have expired. The Defendants have obligated the Plaintiff to be fingerprinted again during the pendency of his AOS Application at additional expense and inconvenience, even though, of course, his fingerprints have not changed.

## VII. INJURY TO PLAINTIFF

46. Because Plaintiff has waited and will continue to wait significantly longer to become an LPR, he is unable to stabilize his life. His status in the United States of America has been and will continue to be uncertain. Plaintiff has been and will continue to be afraid to accumulate assets in the United States because he fears that he may ultimately lose permanent residence status and be required to depart. He is unable to plan his future appropriately because he does not know when he will become a permanent resident.

47. Plaintiff has suffered and will continue to suffer considerable setbacks in his career because of delayed adjudication. Plaintiff has been unable to accept any promotions during the pendency of his AOS application. The plaintiff has been restricted to remaining in the present position, and has therefore been unable to further himself professionally.

48. Plaintiff has lost and will continue to lose significant work time while pursuing his adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for employment authorization and travel documents each year and otherwise pursuing his delayed permanent residency.

49. Because of Defendant's policies and practices as described herein, Plaintiff has had to wait and will continue to have to wait many years to adjust his status. Plaintiff has had to and will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience. Since September 15, 2003, Plaintiff has gone for fingerprinting on two occasions including one on March 18, 2006. On these occasions, Plaintiff had to take considerable time off from his work.

50. Because Defendants have unreasonably delayed Plaintiff's AOS Application, Plaintiff's naturalization has also been delayed. Career setbacks are but one of a long list of harms suffered by Plaintiff. To list just a few, Plaintiff has been and will continue to be unable to become eligible to vote and to participate fully in our democracy.

51. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to obtain EAD's and to pay for repeated renewals of those EAD's, resulting in significant out-of-pocket expenses and inconvenience. Since September 15, 2003, Plaintiff has applied for employment authorization three times.

52. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to submit to repeated fingerprinting, resulting in significant out-of-pocket expenses and inconvenience. If the Plaintiff fails to appear for fingerprinting, there is a substantial risk that USCIS will consider his AOS application to have been abandoned.

53. Plaintiff has reason to believe that some part of the delay may be attributable to investigations pending before the Federal Bureau of Investigation.

54. Plaintiff's rights to due process of law under the Fifth Amendment to the U.S. Constitution has been and is being violated and will continue to be violated by Defendants' policies and practices as described herein.

## VIII.  GROUNDS FOR RELIEF

55. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiff's applications within a reasonable time.

56. Defendant USCIS has a legal duty to process and adjudicate Plaintiff's application within a reasonable time. This duty is a non-discretionary duty mandated by federal law and judicial precedent.

57. In failing to process Plaintiff's application and adjudicate his case within a reasonable time, USCIS has directly and proximately caused unnecessary and injurious delays to Plaintiff, in violation of his rights.

58. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

59. Defendants' policies and procedures requiring repeated EAD applications and fingerprints are arbitrary and illegal.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

60. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

61. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

62. Defendants bear sole responsibility for adjudication of AOS Applications within a reasonable time and for orderly attendant procedures.

63. Defendants have failed to discharge their mandated duties.

64. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

65. Plaintiff has exhausted all possible administrative remedies.

66. There exists no other adequate remedy.

67. Strong humanitarian factors favor the grant of Mandamus relief.

**Count II.**
**Fifth Amendment**

68. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

69. Defendants' policies, practices and customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

70. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count III.**
**Violation of INA**
**8 U.S.C. § 1101 et seq.**

71. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

72. Defendants' policies, practices and customs violate the INA as well as the Immigration Services and Infrastructure Improvements Act of 2000 §§ 202, 204, 8 U.S.C §§ 1571, 1573 (2006).

73. Defendants have failed to discharge their mandated duties.

74. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.**

75. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

76. By failing to render a timely decision and by requiring repeated applications, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary, capricious, and not in accordance

14

with law. *See* 5 U.S.C. §§ 555, 701 et seq. (2006); *See also* 5 U.S.C. § 706(1)

(2006) ("[A]gency action unlawfully withheld or unreasonably delayed").

77. Defendants have failed to discharge their mandated official duties.

78. As a result, Plaintiff has suffered and continues to suffer irreparable harm and

damages entitling him to declaratory, injunctive and other relief.

**Count V.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

79. Plaintiff incorporates by reference all submissions made hereinabove that are

pertinent to this Count.

80. Defendants' actions and decisions relating to delays in AOS adjudications and

attendant procedures are unconstitutional, violate the INA, and are arbitrary and

capricious.  Plaintiff seeks a declaration to that effect under 28 U.S.C. § 2201

(2006).

81. Defendants have failed to discharge their mandated duties.

82. As a direct and proximate result, Plaintiff has suffered and continues to suffer

irreparable harm and damages entitling him to declaratory, injunctive and other

relief.

**Count VI.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

83. Plaintiff incorporates by reference all submissions made hereinabove that are

pertinent to this Count.

84. If he prevails, Plaintiff will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2006) and 28 U.S.C. §2412 (2006).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that the honorable Court grant the following relief:

i.   Assume jurisdiction over this cause;

ii.  Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv.  Enter Judgment ordering the Defendants to adjudicate Plaintiff's pending Employment-Based Adjustment of Status Application;

v.   In the event there is no employment visa availability for the third preference category comprising "skilled workers or professionals" (8 U.S.C. § 1153(b)(3) (2006)) USCIS should be directed to adjudicate Plaintiff's Employment-Based Adjustment of Status and hold the adjudicated file pending until the employment visas are available for the third preference category.

vi.  Award Plaintiff attorney fees, costs and expenses under the Equal Access to Justice Act; and

vii. Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: 13 November 2006

Respectfully submitted,

RAJIV S. KHANNA,
Attorney for Plaintiff's
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com

E 06 1968
CKK

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ashish Bhardwaj                    88888 | Michael Chertoff, Secretary, et. al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF       88888
(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT       11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rajiv S. Khanna
Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Blvd., Arlington, VA 22205
Tel: (703) 908-4800 Ext. 110

ATTC

CASE NUMBER  1:06CV01968

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: General Civil

DATE STAMP: 11/17/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSH
FOR PLAINTIFF AN

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
### (Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other)      OR      ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑧

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Writ for Mandamus under 28 USC Sec. 1361, Declaratory Judgment Act, 28 USC Sec. 2201 and Administrative Procedure Act, 5 USC Sec. 551 et. seq.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  11/14/06   SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.